IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-01149-RPM

MICHAEL ANDREW DARR,

    Plaintiff,

v.

DEBORAH JELIN NEWMYER,
as Personal Representative of the Estate of
ROBERT NEWMYER;
OUTLAW PRODUCTIONS, INC.; and
TOWN OF TELLURIDE, COLORADO,

    Defendants.

---

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DISMISSING
COUNTERCLAIM

---

   Robert Newmyer filed a counterclaim against the plaintiff, Michael Andrew Darr,

seeking damages under 42 U.S.C. § 1983 for a violation of Mr. Newmyer's rights

protected by the Fourth and Fourteenth Amendments to the United States Constitution

when the plaintiff, then a deputy marshal of the Town of Telluride, Colorado, arrested

and jailed the defendant.  Mr. Newmyer is now deceased and the personal

representative of his estate has been substituted as the party on the counterclaim.  Mr.

Darr moved for summary judgment of dismissal of the Newmyer claim, asserting that

there was no constitutional violation and that he is protected by qualified immunity.

   The events giving rise to the counterclaim occurred in the early morning hours of

September 21, 2002, on Colorado Avenue, the main street of Telluride, across from the

Fly Me To The Moon Saloon.  There are factual disputes concerning whether Mr. Darr

observed Mr. Newmyer speeding when he drove westward and then parked on the

north side of the street.  There is no dispute that Mr. Darr walked up to the vehicle,

shined his flashlight on Mr. Newmyer and warned him about speeding.  Mr. Newmyer

went into the saloon where his friends were partying and he drank one or two beers.

Mr. Newmyer then left the saloon, got into his vehicle and drove to his residence which

was east of the location of the encounter.

Accepting as true Mr. Newmyer's version of the events, he and his friend waited

for the group to come to the residence for about an hour during which Mr. Newmyer

had a drink of wine and ate some dessert.  He and his friend then drove back on

Colorado Avenue and parked at the same location on the north side of the street.  After

Mr. Newmyer stopped his vehicle and was starting his exit from the driver's side, Mr.

Darr again confronted Mr. Newmyer, shining the flashlight in his face and asking if he

was the same man who had been given the warning for speeding earlier.  Mr. Newmyer

said that he was and that he was well aware of his speed coming back into town which

did not exceed the 15 miles per hour limit.

Mr. Darr took Mr. Newmyer's driver's license from him and directed Mr. Newmyer

to the curb to perform roadside sobriety tests.  Mr. Darr had asked Mr. Newmyer if he

had been drinking and Mr. Newmyer said that he had one or two beers.  Mr. Darr has

testified that he conducted the sobriety tests because Mr. Newmyer's eyes appeared to

be bloodshot and watery, he had the smell of alcohol on his breath and he had driven

his vehicle to the point where he parked.  The defendant concedes that he had the

2

smell of alcohol on his breath because he had been drinking and he also was tired because he and his friends had flown into Telluride the previous day and had been physically active.

The results of the roadside sobriety tests indicated that Mr. Newmyer may have been impaired because of alcohol consumption.  Mr. Darr handcuffed Mr. Newmyer, placed him in a patrol car and drove him to the Town Marshal's office where he was given a breathalyzer test.  The test results indicated impairment and Mr. Darr then took Mr. Newmyer to the jail where he was given another breath test which also showed impairment.  Mr. Newmyer was then booked into jail where he remained until he was released on bond later that day.  During the booking procedure, a marijuana cigarette was found on Mr. Newmyer.

Mr. Newmyer was jailed on Mr. Darr's charges of speeding, misdemeanor possession of marijuana and driving while ability impaired.

Mr. Newmyer's counsel moved to suppress evidence and at a hearing in the county court, the judge found the arrest had been made on probable cause but expressed concern regarding inconsistencies in the testimony of Mr. Darr and the reports that were written on this incident.

Mr. Newmyer pleaded guilty to speeding and to misdemeanor possession of marijuana in a plea bargain which resulted in the dismissal of the DWAI charge.

The defendant contends that there was no basis to support a traffic stop for speeding.  Mr. Newmyer was certain that he did not exceed the speed limit when he drove into town immediately before his second encounter with the plaintiff and any prior

observation of speeding related by Mr. Darr could not be found credible, given the inconsistencies in the version which he gave in his reports, his testimony before the county court, his statements during an internal investigation and in discovery in this case.  Whether the conflicting evidence would support a stop for speeding is a jury question, but that question is not relevant because the encounter giving rise to the arrest was not the result of a traffic stop.  Mr. Newmyer had already parked his vehicle and was getting out when Mr. Darr confronted him.  The request for a look at the driver's license and Mr. Darr's questions concerning Mr. Newmyer's drinking constitute a legitimate police consensual encounter with a citizen which need not be supported by probable cause or even articulable suspicion.  When Mr. Darr retained the license and directed the roadside sobriety tests, he acted on the basis of the physical signs of drinking by the driver who had obviously been operating the vehicle.  Those observations warranted the retention for further investigation by way of the sobriety testing.  The additional support for the arrest and charges comes from the breath testing which indicated an impaired driver and the additional testing at the jail together with the finding of the marijuana cigarette.

The defendant suggests that there was a predisposition to subject Mr. Newmyer to roadside sobriety testing because Sergeant Merriman, who was with Mr. Darr in front of the saloon, testified that he heard Mr. Darr say he was going to do a roadside but that testimony is not clear as to when the statement was made.  At any rate, such a predisposition is irrelevant to whether there was a constitutional violation by the conduct of the officer.

4

This Court's conclusion is that there was no Fourth Amendment violation here.

Alternatively, Mr. Darr is entitled to qualified immunity for any violation that occurred because his conduct was consistent with that of a reasonable police officer acting under the same or similar circumstances.  That is an objective standard and it has been met here.

The plaintiff has requested his attorneys' fees under 42 U.S.C. § 1988.  That request is denied.  The counterclaim was not frivolous, unreasonable or without foundation.  Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment of dismissal of the defendant's counterclaim is granted and the counterclaim is dismissed.  The plaintiff's motion for attorney's fees and costs under 42 U.S.C. § 1988 is denied.

Dated: April 21st , 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge